IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Travis LaVoy Jenkins, | ) | Case No. 9:20-cv-00225-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's motion to dismiss. ECF No. 20. Plaintiff filed a response in opposition. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On September 28, 2020, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss be granted. ECF No. 30. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections. ECF No. 35.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

In his response in opposition to the motion to dismiss, Plaintiff abandoned all claims against Defendant except his claim for medical malpractice pursuant to the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss this claim because Plaintiff failed to file an expert affidavit. Plaintiff generally objects.

In evaluating claims brought pursuant to the FTCA, courts are required to apply the substantive law of the place where the alleged negligence occurred in determining liability. *See* 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."); *Molzof v. United States*, 502 U.S. 301, 305 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law."). Here, the alleged negligence occurred at FCI Estill in South Carolina; accordingly, South Carolina substantive law applies in this case.

South Carolina law requires a plaintiff asserting medical malpractice claims to file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim."  S.C. Code Ann. § 15-36-100(B).  Complaints without the required affidavit must be dismissed for failure to state a claim.  S.C. Code Ann. § 15-36-100(C)(1).  While this requirement does not apply to claims of ordinary negligence "involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant," expert testimony is required when the claim arises from allegedly negligent medical care provided to a patient in a professional capacity.  *Id.* at § 15-36-100(C)(2); *see also Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501, 504 (S.C. 2014) (distinguishing medical malpractice claims from claims of ordinary negligence arising from "nonmedical, administrative, ministerial, or routine care").

As explained in more detail by the Magistrate Judge, Plaintiff's cause of action sounds in medical malpractice rather than ordinary negligence.[1]  Therefore, Plaintiff was required to comply with the substantive law of South Carolina by filing an expert affidavit.  He has not and his claim must be dismissed.

The Court notes that while Plaintiff did not specifically address the Magistrate Judge's findings, the undersigned has conducted a de novo review of the record and the applicable law in reaching its decision.  The Court further notes Plaintiff's concerns raised in his objections regarding the burden of compliance with these types of requirements

---

[1] The Court incorporates by reference the Magistrate Judge's recitation of the relevant facts and applicable law.

3

when a plaintiff is incarcerated. While the Court understands that these requirements can be more difficult for those in prison, it is unable to make exceptions from statutory requirements.[2]

## CONCLUSION

Wherefore, for the reasons stated above, the Court agrees with the recommendation of the Magistrate Judge. Defendant's motion [20] is **GRANTED** and Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 28, 2021
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] In Plaintiff's objections, he refers to "Deliberate Medical Indifference" and a violation of his "Eight Amendment Right[s]." ECF No. 35 at 2. Upon review of the record, it is clear that Plaintiff intended to abandon any constitutional claim and pursue only his FTCA claim. *See* ECF No. 23 at 1 ("Plaintiff makes no constitutional claims. The only claim is the defendant's failure to provide treatment under the duty of care [imposed] by Congress [onto] the defendants (the federal bureau of prisons/BOP/federal employees liable to suit under the federal tort claims act/FTCA)."); *see also* ECF No. 7 at 1 ("Plaintiff filed a complaint under the Federal Tort Claims Act and Bivens. Plaintiff now amends complaint to only include Tort Claims and strike all Bivens Claims and or Constitutional Claims."). Accordingly, the Court finds that this choice of words was not intended to revive claims previously abandoned by Plaintiff.